IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley J. Crane, a single man, | No. CV 06-0092-TUC-FRZ(HCE) |
| Plaintiff/Counterdefendant | **REPORT AND RECOMMENDATION** |
| vs. | |
| Native American Air Ambulance, Inc., a Nevada Corporation, | |
| Defendant/Counterclaimant. | |

Upon review of pleadings, exhibits, and affidavits submitted and oral argument by respective counsel on January 28, 2008, and for the following reasons, the Magistrate Judge recommends that the District Court award Defendant/Counter-Claimant Native American Air Ambulance, Inc. (hereinafter "Defendant") attorney's fees to be paid by attorney Douglas H. Clark, Jr., attorney for Plaintiff/Counter-Defendant Bradley J. Crane, (hereinafter "Plaintiff") in the amount of $63,246.95.

I.  DISCUSSION

A.    Mandatory Award of Attorney's Fees

On January 26, 2007 this Court by way of Report and Recommendation to the District Court made Findings of Fact and Conclusions of Law regarding Attorney Clark's harassing, groundless, and bad faith filing of the instant class action. (Doc. No. 29)  No objections to this Court's Report and Recommendation were filed by Attorney Clark.  Thereafter, the

1   District Court accepted and adopted the Report and Recommendation analysis and Findings

2   of Fact and Conclusions of Law (Doc. Nos. 30, 32).

3       This Court found that harassment, groundlessness, and bad faith had been established by

4   clear and convincing evidence under A.R.S. §-341.01(c) and by a preponderance of the

5   evidence under A.R.S. §12-349.   An award of attorney's fees under either section is

6   mandatory.  Under both sections the attorney's fees must be reasonable and the amount of

7   attorney's fees is to be determined by the court.

8       B.    Reasonableness of Billing Rate

9       A court, in determining a reasonable hourly rate, must consider the experience, skill, and

10   reputation of the attorney requesting fees. *Chalmers v. City of Los Angeles*, 796 F.2d 1205,

11   1210 (9ᵗʰ Cir. 1986), *amended* 808 F.3d 1273 (9ᵗʰ Cir. 1987).  This Court has considered the

12   attorney for Defendant's experience, skill and reputation as submitted.  ("Memorandum In

13   Support of Application For Attorneys' [sic] Fees Under Local Rule Civil 54.2 and A.R.S.

14   §12-350"; "Declaration of David A. Selden In Support of Application For Attorneys' [sic]

15   Fees Under Local Rule Civil 54.2 and A.R.S. §12-350") (Doc. No. 34 and 34-2).

16       Defendant's billing rates are not unreasonable.  Attorney Selden prior to September 1,

17   2006 billed at $325.00 an hour; from September 1, 2006 to December 31, 2006 billed at

18   $335.00 an hour; after January 1, 2007 billed at $350.00 an hour.   During those respective

19   time periods paralegals  and other attorneys for Defendant billed $145.00 to $350.00 an hour;

20   $150.00 to $240.00 an hour; and $160.00 to $290.00 an hour.

21       Attorney Clark per his retainer agreement with Plaintiff billed at $150.00 an hour for legal

22   assistant/paralegal services; billed at $200.00 to $350.00 an hour for partners; and billed at

23   $190.00 to $225.00 an hour for associates.  (Plaintiff's "Itemized Statement and Affidavit of

24   Attorneys [sic] Fees", Exhibit 2.) (Doc. No. 23)  Thus, Attorney Clark's billing for legal

25   assistant/paralegal services and other attorneys generally fall within the range of billing by

26   Attorney Selden for the same services.

27       Unclear to this Court is: what exactly is Attorney Clark's billing rate that would serve as

28   a basis for comparison?  Per Attorney Clark's retainer agreement of January 30, 2006

Attorney Clark's billing rate was $425.00 an hour. (Plaintiff's "Itemized Statement and Affidavit of Attorneys [sic] Fees", Exhibit 2)  Attorney Clark's "standard rate" is $375.00 per hour on September 8, 2006. (*Id.*)  On this same date his hourly rate is $250.00 per hour. (*Id.*, Exhibit 1.))  Attorney Selden's billing rates fall reasonably within Attorney Clark's minimum to standard rates for billing.

C.    Punitive in Nature

The underlying rationale for the mandatory award of attorney's fees such as in the instant case where harassment, groundlessness, and bad faith has been established is to compensate the "victim", herein Defendant, and punish the "offender", herein Attorney Clark. *White v. Kaufmann*, 652 P.2d 127(1982).  The findings of fact and conclusions of law in the February 26, 2007 Report and Recommendation to the District Court are incorporated herein in their entirety and serve to support this Court's conclusion that Attorney Clark was less than forthright with Defendant:  requesting records to prepare for trial or to negotiate a settlement with Farmers Insurance; requesting to negotiate a compromise with Defendant when the trial court had already been noticed that a settlement had been reached; receiving a check for Defendant's services and neither informing Defendant of its existence nor interpleading with the trial court the check in question.  Instead, Attorney Clark filed suit that a check in his possession effectively rendered moot, as did the check later issued by Plaintiff's own medical insurance company, Great West.

Attorney Clark averred that he was retained by Plaintiff because of his experience and success in representing parties in class actions.  (First Amended Complaint, ¶ 22(d))  Attorney Clark's relative experience consisted of three class actions in his career, none against air ambulance companies.  Attorney Clark also averred that Plaintiff "was clearly not trying to use the litigation system as a 'source of income.'  All plaintiff was trying to do [in filing the class action] was to resolve his personal injury claim and his dispute with Native Air concerning what he considered to be an unjustified overcharge for services he never requested." ("Plaintiff's Opposition To Defendant's Motion For Attorneys' [sic] Fees", p.5) (Doc. No. 27)  This Court will accept this averment.  In doing so, and disregarding for the

1   moment the existence of the check issued by Farmers Insurance resolving Defendant's lien,

2   this Court can  only conclude that Attorney Clark sought to place Defendant in the position

3   of writing off a $12,825 debt owed it rather than risk a five million dollar judgement should

4   it lose at trial: Attorney Clark veritably attempting to drive a spike with a tack hammer.

5      Neither Plaintiff nor Attorney Clark are the architects of how Defendant should defend

6   and prepare for such a defense against the class action filed against it.  Once the class action

7   was filed Defendant "ramped up" to meet the suit head on.  Attorney Clark had to assume

8   the risk of paying attorney's fees as evidenced by Defendant's First Amended Answer and

9   First Amended Counter Claim requesting such relief.  It is not enough to argue against the

10  awarding of attorney's fees that the lack of motions and discovery reflect the absence of

11  preparation to carry out such.  Attorney Clark set into motion, by the harassing, groundless

12  and bad faith class action filed against Defendant, Defendant's willingness and preparation

13  to defend against such class action and attorney's fees must be awarded.

14  II.    RECOMMENDATION

15     Upon review of Defendant's memoranda, exhibits, affidavits and oral argument it is the

16  finding and recommendation of the Magistrate Judge to the District Court that Defendant's

17  request for $70,837.50 is unreasonable in that there is research, memoranda, and conferences

18  unrelated to the record; redundant and excessive hours regarding research, writing and re-

19  writing of memoranda submitted to the Court; redundant and excessive hours in intra-office

20  conferences regarding "strategizing" positions to be taken in written and oral forms and the

21  memorializing of these strategized positions; redundant recycling of language in Defendant's

22  various motions and memoranda in support of attorney's fees.

23     Although there was a paucity of pleadings and discovery in the instant case, the issues that

24  a class action of the type filed by Attorney Clark would give rise to were of major and

25  paramount concern to Defendant to be defended robustly.

26     Attorney Clark's unwillingness to "negotiate a compromise" of  a mere $6,412.00 (50 %

27  of the $12,825.00 lien owed Defendant); and an unwillingness to apprise Defendant or the

28  trial court of a pre-existing check rendering the instant class action moot wrought a response

- 4 -

from Defendant resulting in attorney's fee far exceeding the underlying lien. Defendant by third-party subpoena learned of the pre-existing check made payable in the underlying lien's full amount. Defendant, by re-application to Plaintiff's medical health provider, Great West, was paid the full amount of the underlying lien. To award Defendant attorney's fees for work apparent from court pleadings alone would make a nullity of the mandatory and punitive rationale for A.R.S. §12-341.01(c). *See Wean Water, Inc. v. Sta-Rite Indus., Inc.*, 686 P.2d 1285, 1288 (Ariz. App. 1984). For the aforesaid reason it is the recommendation of this Court that Defendant be awarded attorney's fees in the amount of $63,246.95.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 06-92-TUC-FRZ**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 28th day of March, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge